IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00758-BNB

KENNETH B. JENNINGS,

Applicant,

v.

BOB KURTZ, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Kenneth B. Jennings, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Huerfano County Correctional Center in Walsenburg, Colorado. Mr. Jennings initiated this instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Mesa County, Colorado, district court case number 92CR450.

On April 30, 2008, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254 (b)(1)(A). On May 7, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred by the one-year limitation period and that Applicant's federal constitutional claims are procedurally defaulted. Although given the opportunity, Mr. Jennings has not filed a Reply to the Pre-Answer Response.

The Court must construe liberally the habeas corpus application filed by Mr. Jennings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Jennings was convicted by a jury of second-degree kidnapping, aggravated robbery, and theft. On August 16, 1993, he was sentenced to prison for thirty-five years for kidnapping, to be served consecutive to concurrent, twenty-year terms for aggravated robbery and theft. He appealed directly from the judgment of conviction to the Colorado Court of Appeals, which on July 27, 1995, affirmed the convictions and sentences. On March 4, 1996, the Colorado Supreme Court denied certiorari review. He does not allege that he petitioned the United States Supreme Court for certiorari review.

Mr. Jennings filed several postconviction motions, each of which was denied. On July 15, 1996, he filed a motion pursuant to Colo. R. Crim. P. 35(b), which the trial court denied on July 17, 1996. He did not appeal from the denial. On July 25, 1996, he filed an addendum to the Colo. R. Crim. P. 35(b) motion, which the trial court denied on July 26, 1996. He did not appeal from the denial. On March 26, 1999, he filed a motion pursuant to Colo. R. Crim. P. 35(c), which the trial court on May 18, 1999, ordered him to supplement in twenty days. On June 7, 1999, as a result of Mr.

2

Jennings' failure to supplement, the Colo. R. Crim. P. 35(c) motion effectively was denied.

On October 6, 2003, Mr. Jennings filed another Colo. R. Crim. P. 35(c) motion, which was denied summarily on October 8, 2003. On January 18, 2005, Mr. Jennings filed yet another Colo. R. Crim. P. 35(c) motion, which the trial court denied summarily on May 23, 2005. He only appealed from the denial of this motion. On December 7, 2006, the Colorado Court of Appeals affirmed the denial. Certiorari review was denied on April 16, 2007. On April 15, 2008, Mr. Jennings filed the instant habeas corpus application, which he erroneously mailed to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit). The Tenth Circuit received the application on April 3, 2008, and transferred it to this Court, which received it on April 4, 2008.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

3

> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although Mr. Jennings did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied his appeal on March 4, 1996, to do so. *See* Sup. Ct. R. 13. Therefore, figuring from March 5, 1996, the day after the Colorado Supreme Court denied his certiorari petition, his conviction became final on June 3, 1996, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). The one-year limitation period began to run on June 3, 1996, because Mr. Jennings does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final.

Respondents concede that the one-year limitation period was tolled while the

postconviction motions Mr. Jennings filed were pending in state court, and the Court agrees. Therefore, the periods from July 15, 1996, to July 17, 1996, when the Colo. R. Crim. P. 35(b) motion was pending in state court, and from July 25, 1996, to July 26, 1996, when the addendum to the Colo. R. Crim. P. 35(b) motion was pending in state court, would not count against the one-year limitation period. Likewise, the period from March 26, 1999, when Mr. Jennings filed his first Colo. R. Crim. P. 35(c) motion, to June 7, 1999, when the motion was denied, does not count against the one-year limitation period. The period from October 6, 2003, when Mr. Jennings filed another Colo. R. Crim. P. 35(c) motion, until October 8, 2003, when the motion was denied summarily, also does not count against the one-year limitation period. Finally, the period from January 18, 2005, when Mr. Jennings filed yet another Colo. R. Crim. P. 35(c) motion, until April 16, 2007, when the Colorado Supreme Court denied certiorari review, does not count against the one-year limitation period.

However, the 41 days after the judgment of conviction became final on June 3, 1996, and before the Colo. R. Crim. P. 35(b) motion was filed on July 15, 1996, count against the one-year limitation period. In addition, the gap of 8 days from July 17, 1996, when the state court denied the Colo. R. Crim. P. 35(b) motion, until July 25, 1996, when the addendum to the Colo. R. Crim. P. 35(b) motion was filed in state court, counts against the one-year limitation period. Likewise, the 973 days from July 26, 1996, when the state court denied the addendum to the Colo. R. Crim. P. 35(b) motion, until March 26, 1999, when Mr. Jennings filed his first Colo. R. Crim. P. 35(c) motion, counts against the one-year limitation period. So do the 1,216 days from June 7, 1999, when the first Colo. R. Crim. P. 35(c) motion effectively was denied, until October 6,

5

2003, when Mr. Jennings filed another Colo. R. Crim. P. 35(c) motion, count against the one-year limitation period. The 569 days from October 8, 2003, when the second Colo. R. Crim. P. 35(c) motion was denied summarily, until January 18, 2005, when Mr. Jennings filed yet another Colo. R. Crim. P. 35(c) motion, also count against the limitation period. Lastly, the 353 days from April 16, 2007, when the Colorado Supreme Court denied certiorari review of Mr. Jennings' third Colo. R. Crim. P. 35(c) motion, until April 4, 2008, when Mr. Jennings' habeas corpus application was received for filing in this Court, count against the one-year limitation period. As a result, the Court finds that a total of 3,160 days count against the one-year limitation period, and the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Jennings bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* Mr. Jennings has not argued equitable tolling and, therefore, the Court need not consider the issue.

Because the Court will dismiss the instant action as time-barred, Respondents' argument that Mr. Jennings' federal constitutional claims are procedurally defaulted will not be addressed. Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 17 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00758-BNB

Kenneth B. Jennings
Reg. No. 47915
Huerfano County Correctional Center
304 Ray Sandoval Street
Walsenburg, CO 81089

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/17/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk